# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JUAN J. TORRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-299-NJR |
| | ) | |
| JOHN BALDWIN, | ) | |
| STEVE MEEKS, | ) | |
| SCOTT THOMPSON, | ) | |
| BOBBY KLUM, | ) | |
| WEXFORD HEALTH SOURCES, INC., and | ) | |
| HARRIS, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Juan Torres, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that Defendants were deliberately indifferent to his urinary tract infection, that the yard bathroom was not handicap accessible, and that he was denied a job in dietary due to his disability. He asserts claims against the defendants under the Eighth and Fourteenth Amendments, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* and the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794–94e. Plaintiff seeks a declaratory judgment and monetary damages. Although Plaintiff has filed a motion for leave to file an amended complaint (Doc. 5), he failed to attach a proposed Amended Complaint, and he has not indicated how he seeks to amend his Complaint. As such, the Court **DENIES** Plaintiff's motion to amend (Doc. 5).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous,

1

malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

In his Complaint, Plaintiff makes the following allegations: Plaintiff is wheelchair bound and uses catheters and lubricating jelly. (Doc. 1, p. 6). He put in request slips for more catheters and lubricating jelly on January 9, 10, 11, 12, and 13, 2018, but when the nurses made rounds to Plaintiff's housing unit they did not bring the catheters and lubricating jelly. (*Id*. at pp. 6-7). Plaintiff did not receive his supplies until January 14, 2018. (*Id*. at p. 9). During the time he went without clean catheters, he had to reuse old catheters or strain to pee, which caused him pain. (*Id*. at p. 9). Plaintiff again ran out of catheters and lubricating jelly and made additional requests for supplies on January 28, 29, 30 and 31, 2018. (*Id*. at pp. 13-14). Plaintiff received catheters, but not lubricating jelly, on February 1, 2018. As a result, he again was forced to reuse catheters and spit on the catheters to lubricate them. (*Id*. at p. 15).

As a result of reusing his catheters, Plaintiff developed a urinary tract infection. (Doc. 1, pp. 11, 15). Plaintiff submitted a urine sample on January 23, 2018, and received the test results on January 26, 2018, indicating a urinary tract infection. (*Id.* at pp. 10-11). Nurse Practitioner Bobby Klum met with Plaintiff on January 26 and informed him of the urinary tract infection. Klum allegedly refused to prescribe Plaintiff any medication for the infection, however, and instead instructed him to drink lots of water. (*Id*. at p. 11). On March 8, 2018, Plaintiff submitted another urine sample, and the test results indicated that he still had an infection. (*Id*.). Plaintiff was admitted to Good Samaritan Hospital eight days later for chest pain, and tests taken there revealed that he still had a urinary tract infection. (*Id*. at pp. 12, 51-52). Plaintiff alleges that the continued infection was a result of Klum's failure to prescribe medication. (*Id*. at p. 12).

On August 4, 2018, Plaintiff was in yard one for morning yard. (Doc. 1, p. 16). Plaintiff went to the restroom on the yard, but the toilet was not handicap accessible and lacked any rails to help him transfer from his wheelchair to the toilet. (*Id*.). Due to the lack of rails, Plaintiff was not able to transfer himself and instead defecated in his pants. (*Id*. at pp. 16-17). Handicap rails were not installed in the yard bathroom until August 29, 2018. (*Id*. at p. 17).

Plaintiff also alleges that he was not able to obtain a job at Pinckneyville due to being wheelchair bound. (Doc. 1, p. 18). Plaintiff submitted a request slip to his counselor inquiring about the types of jobs he could have while in a wheelchair. His counselor responded that he could be approved as a porter or a laundry porter, but informed him that there were no ADA jobs in the dietary. (*Id*. at p. 18). Plaintiff does not believe he can be a porter or laundry porter because he could not sweep from his wheelchair, and his chair will not fit in the laundry room. (*Id*.). Instead, Plaintiff requested a job in the kitchen from dietary supervisor Harris. (*Id*. at p. 19). He submitted a request slip to Harris, but Harris has never responded to Plaintiff's request. Plaintiff alleges that Harris violated his due process and equal protection rights in denying him a job in the prison dietary.

## **Preliminary Dismissals**

Plaintiff fails to allege a claim against Steve Meeks and Scott Thompson. Plaintiff alleges that Steve Meeks is the director of health services at IDOC, and Scott Thompson is the acting warden responsible for inmate welfare. (Doc. 1, pp. 3-4). But he has not alleged that either individual participated in the alleged constitutional violations. Further, to the extent that Plaintiff alleges that these individuals are liable for the acts of their employees, the Court notes that a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (*quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Section 1983 does not authorize *respondeat superior* or "supervisory liability." *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) (*citing Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Section 1983 creates liability only for a defendant's personal acts or decisions. *Id.* Thus, Plaintiff fails to state a claim against Steve Meeks and Scott Thompson.

As to Wexford Health Sources, Inc., a corporation can be held liable for deliberate indifference if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). In this case, however, Plaintiff fails to allege any policy or practice that caused the constitutional deprivations alleged in his Complaint. Thus, the Court also **DISMISSES without prejudice** the claims against Wexford Health Sources, Inc.

Finally, Plaintiff's Complaint appears to allege that he did not receive catheters and lubricants in a timely fashion, which forced him to re-use catheters and ultimately develop a urinary tract infection. But Plaintiff has not identified an individual associated with that potential claim. He only alleges that he put in request slips and that nurses did not bring those supplies when they made rounds. To state a Section 1983 claim against an individual or entity, Plaintiff must specifically identify each individual or entity, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).[1] Thus, to the extent Plaintiff seeks to state a claim regarding the delay in his receipt of catheters, he has not identified an individual associated with that claim, and thus it is **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

> **Count 1:** **Bobby Klum violated the Eighth Amendment when he was deliberately indifferent to Plaintiff's urinary tract infection.**
>
> **Count 2:** **John Baldwin,[2] as Director of IDOC, violated the ADA and RA by failing to have handicap accessible bathrooms on the yard.**
>
> **Count 3:** **Dietary Supervisor Harris violated Plaintiff's due process and equal protection rights by failing to provide Plaintiff with a job in dietary.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[3]

---

[1] Group defendants also create problems with service of process. *See Jenkins v. Wisconsin Res. Ctr.*, No. 09-CV-323-BBC, 2009 WL 1797849, at *1 (W.D. Wis. June 24, 2009) (a group of people cannot be sued; each defendant must be an individual or legal entity that may accept service of a complaint) (citing Fed. R. Civ. P. 4(e)-(j)).

[2] The proper defendant for ADA and RA claims is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)).

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Severance

Count 3, relating to Plaintiff's denial of a job in the prison dietary, is unrelated to Plaintiff's claims in Counts 1 and 2, which deal with treatment and conditions related to his disabilities. Thus, Count 3 is not properly joined with Counts 1 and 2. *See* Fed. R. Civ. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d at 607; *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). Accordingly, consistent with *George* and Federal Rules of Civil Procedure 18 and 20, Count 3 will be severed, and the Court will open a new case with a newly assigned case number. Counts 1 and 2 will remain in this case and be subject to preliminary review below.

## Merits Review of Counts 1 and 2

### Count 1

Plaintiff states a viable claim against Bobby Klum for deliberate indifference in the treatment of his urinary tract infection. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (finding deliberate indifference where medical defendants persisted in a course of conservative treatment for eighteen months despite no improvement); *Kelley v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990) (deliberate indifference when doctor continues with treatment knowing it to be ineffective). Thus, Count 1 shall proceed against Bobby Klum.

### Count 2

According to the ADA, "no qualified individual with a disability shall, because of that disability ... be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). The RA likewise prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. The analysis under the ADA and RA is the same, except that the RA includes as an additional requirement the receipt of federal funds, which all states accept for their prisons. *Jaros v. Illinois Dep't of Corrs.*, 685 F.3d 667, 671 (7th Cir. 2012) (citing 29 U.S.C. § 705(2)(B)). Discrimination under both includes the failure to

accommodate a disability. *Jaros*, 684 F.3d at 672 (citation omitted). Both the ADA and the RA provide for injunctive relief against an agency found to be in violation of the statute.

Here, Plaintiff has alleged that he suffers from a disability, as he is wheelchair bound, and that the prison failed to accommodate that disability by failing to put handrails in the yard bathroom. Defendant John Baldwin, in his official capacity, is the proper defendant for Plaintiff's ADA and/or RA claim. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). Plaintiff alleges, however, that handrails were installed on the yard on August 29, 2018. As such, it appears that the injunctive relief Plaintiff seeks may be moot, but Plaintiff may also seek compensatory damages under the RA, *see Barnes v. Forman*, 536 U.S. 181, 189 (2002), *Stanley v. Litscher*, 213 F.3d 340, 344 (7th Cir. 2000), and the ADA. *Wilke v. Cole*, 630 F. App'x 615, 620 (7th Cir. 2015) (citing *Reed v. Columbia St. Mary's Hosp.*, 782 F.3d 331 (7th Cir. 2015); *S.H. ex. rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 262-63 (3rd Cir. 2013)). Accordingly, at this early stage, the Court will allow Plaintiff's claim under the ADA and RA to proceed for further development of the record.

## Motion for Counsel

In his Motion for Counsel (Doc. 3), Plaintiff indicates that he has sent letters to several attorneys but has not received any responses. Plaintiff claims that he will need help with this case because the claims are complex. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[4] Therefore, Plaintiff's Motion for Counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

---

[4] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

**Disposition**

For the reasons set forth above, **COUNT 3** is **SEVERED** into a new case against Dietary Supervisor Harris. The claim in the new case shall be subject to merits review pursuant to 28 U.S.C. § 1915A after the new case number and judge assignment is made. In the new case, the Clerk of Court is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Complaint (Doc. 1);
- Plaintiff's motion to proceed in forma pauperis (Doc. 2); and
- Plaintiff's motion for appointment of counsel (Doc. 3).

The **only claims remaining in this action are COUNTS 1 and 2**. **Count 1** shall proceed against **Bobby Klum**. **Count 2** shall proceed against **John Baldwin**, in his official capacity. **Steve Meeks, Scott Thompson, and Wexford Health Sources, Inc.** are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. The Clerk of Court is **DIRECTED** to terminate these individuals from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

The Clerk of Court shall prepare for Defendants Bobby Klum and John Baldwin (official capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. As such, Plaintiff's motion for service of process at government expense (Doc. 4) is **DENIED as moot**.

If a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally

effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/15/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**